IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE DORTCH,            ) | |
| ) | |
| Petitioner,      ) | |
| ) | CIVIL ACTION NO. 07-0482-WS |
| v.                                    ) | |
| ) | CRIMINAL ACTION NO. 05-0152-WS |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

## ORDER

This matter is before the Court on the petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255. (Doc. 78). The petitioner filed a brief in support, (Doc. 79), and the respondent a brief in opposition. (Doc. 87).

## BACKGROUND

The petitioner pleaded guilty in June 2005 to a charge of conspiracy to possess with intent to distribute cocaine and crack cocaine. (Doc. 40). The plea agreement included a partial waiver of appeal rights. (Doc. 38 at 9-10). Although the guidelines range was 188 to 235 months, and although the statutory minimum was 240 months, the petitioner received a sentence of 120 months. (Doc. 73). He did not appeal.

On motion to vacate, the petitioner argues, among other things, that trial counsel was ineffective in not filing a notice of appeal. (Doc. 78 at 4-5; Doc. 79 at 11). The petitioner's affidavit states in pertinent part that, "following sentencing, I told attorney [Lila] Cleveland that I wanted to appeal my case." (Doc. 81).

## DISCUSSION

A claim of ineffective assistance of counsel requires both objectively unreasonable performance and prejudice to the petitioner from that deficient performance. *Roe v.*

*Flores-Ortega*, 528 U.S. 470, 476-77 (2000).  "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477.  Moreover, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."  *Id*. (internal quotes omitted).  In other words, "[p]rejudice is presumed."  *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

The same principles apply even when the petitioner, as here, has signed a partial appeal waiver.  "If the evidence establishes ... that Petitioner's attorney acted contrary to his client's wishes, ... prejudice is presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver."  *Gomez-Diaz*, 433 F.3d at 793.

Even if no request to appeal is made, counsel is obligated to consult with her client if there are either non-frivolous grounds for appeal or if the client has "reasonably demonstrated to counsel that he [i]s interested in appealing."  *Flores-Ortega*, 528 U.S. at 479.  The Eleventh Circuit has acknowledged that an expression insufficient to constitute a request or direction to appeal may nevertheless show that the petitioner reasonably demonstrated to counsel an interest in appealing.  *Gomez-Diaz*, 433 F.3d at 792.  In such a situation, the failure to consult constitutes deficient performance, and the petitioner is prejudiced if he shows a reasonable probability that he would have timely appealed but for counsel's failure to consult.  *Flores-Ortega*, 528 U.S. at 484.

As noted, the petitioner has by affidavit sworn that he informed counsel that he wanted to appeal.  The respondent argues that the petitioner's motion should be denied without an evidentiary hearing because counsel has by affidavit sworn that the petitioner never asked her to appeal. (Doc. 87 at 11-12, 16).  Conflicting sworn testimony, however, generally requires an evidentiary hearing to determine which individual's

testimony to credit, and the respondent has identified no basis for deviating from this rule.

Because there is conflicting evidence as to whether the petitioner requested counsel to appeal (or whether he reasonably demonstrated to counsel his interest in appealing and she failed to satisfy her consultation obligations), the petitioner may obtain an evidentiary hearing to determine whether he is entitled to file an appeal.  However, because the petitioner has identified no potentially meritorious appellate issue, he will be required to notify the Court if he nevertheless desires such a hearing.

As noted, the petitioner's plea agreement contained a broad appeal waiver.  (Doc. 38 at 9-10).  Moreover, the issues asserted by the petitioner, (Doc. 79 at 11-16)  are facially meritless.  The petitioner complains that the government did not file an information prior to his guilty plea to establish his prior felony drug conviction as required by 21 U.S.C. § 851(a), but the government in fact did so, filing an information prior to the guilty identifying the petitioner's 1996 felony conviction for possession of cocaine.  (Doc. 31).  The petitioner complains that the Court did not did not follow Section 851(b) by inquiring of him whether he affirmed or denied the former conviction and informing him that he could not challenge the former conviction once the Court imposed sentence, but the Court was not required to do so because the petitioner's former conviction was more than five years old.[1]  The petitioner complains that his sentence violates *United States v. Booker*, 543 U.S. 220 (2005), but *Booker* was complied with because the only facts relied on in sentencing were the petitioner's prior conviction and facts (including drug quantity) admitted by the petitioner in the factual resume made part of his plea agreement.  The petitioner complains that counsel was ineffective in failing to raise a *Booker* objection, but "it is axiomatic that the failure to raise nonmeritorious issues

---

[1] *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (because 21 U.S.C. § 851(e) precludes a defendant from "challeng[ing] the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction," "as a matter of law the district court was not required to adhere to the rituals of § 851(b)") (internal quotes omitted).

does not constitute ineffective assistance" of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

Given the futility of appeal on these grounds, and given the disruption of his living situation that an evidentiary hearing would entail,[2] if the petitioner nevertheless desires such a hearing he is **ordered** to file and serve, on or before **November 26, 2007**, a statement to that effect, failing which the Court will dispose of the pending motion without a hearing.

DONE and ORDERED this 25th day of October, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Among any other relevant considerations, holding an evidentiary hearing would remove the petitioner from his current place of incarceration with no guarantee of return to that facility or his present cell; would interrupt his participation in any drug treatment or other rehabilitation program, completion of which may be required in order to obtain a reduction in his sentence; and would require interim housing at various local jail facilities.