IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE DORTCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 07-0482-WS |
| v. ) | |
| ) | CRIMINAL ACTION NO. 05-0152-WS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on the petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255. (Doc. 78). The petitioner filed a brief in support, (Doc. 79), and the respondent a brief in opposition. (Doc. 87). The petitioner declined the opportunity to file a reply. (Doc. 83).

## BACKGROUND

The petitioner pleaded guilty in June 2005 to a charge of conspiracy to possess with intent to distribute cocaine and crack cocaine. (Doc. 40). The plea agreement included a partial waiver of appeal rights. (Doc. 38 at 9-10). Although the guidelines range was 188 to 235 months, and although the statutory minimum was 240 months, the petitioner received a sentence of 120 months. (Doc. 73). He did not appeal.

## CLAIMS PRESENTED

The petitioner asserts the following claims:

- Trial counsel was ineffective in failing to file a notice of appeal and/or in failing to consult with the petitioner concerning appeal;
- Trial counsel was ineffective in failing to object to a *Booker* violation;
- The sentence received violated *Booker* because it was based on facts, other

>    than prior felony drug conviction, not admitted by the petitioner;
> 
> •  The Court lacked jurisdiction under 21 U.S.C. § 851 to sentence the petitioner in reliance on any prior felony drug conviction, because: (a) the respondent failed to file a timely information identifying the prior convictions; and (b) the Court failed to address the prior convictions at sentencing.

(Doc. 79).

## DISCUSSION

### I. Failure to File Notice of Appeal/Consult Concerning Appeal.

A claim of ineffective assistance of counsel requires both objectively unreasonable performance and prejudice to the petitioner from that deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. Moreover, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id*. (internal quotes omitted). In other words, "[p]rejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005). The same principles apply even when the petitioner, as here, has signed a partial appeal waiver. "If the evidence establishes ... that Petitioner's attorney acted contrary to his client's wishes, ... prejudice is presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." *Gomez-Diaz*, 433 F.3d at 793.

The petitioner has submitted an affidavit stating that "I told attorney [Lila] Cleveland that I wanted to appeal my case." (Doc. 81). The respondent has submitted Cleveland's affidavit, which states that the petitioner "never asked me, either in writing or

over the phone, to file an appeal on his behalf." (Doc. 87, Exhibit 1). This conflict in the evidence ordinarily would result in an evidentiary hearing. By previous order, however, the Court pointed out the futility of an appeal given the petitioner's appeal waiver and the facial invalidity of his claims on their merits. The Court required the petitioner to state whether he nevertheless desired an evidentiary hearing given the disruption of his living conditions that such a hearing would entail, and advised the petitioner that silence would be construed as a withdrawal of his request for a hearing. (Doc. 88). The petitioner did not respond. Accordingly, the Court determines the merits of the petitioner's claim on the basis of the written submissions.

While the petitioner and Cleveland disagree on the ultimate question of whether he requested her to file a notice of appeal, the petitioner's affidavit simply states this bald conclusion, with no particle of factual detail to support or corroborate it. Cleveland, in contrast, provides detail about conversations she had with the petitioner both before and after sentencing, and she states affirmatively that the only conversations the two had following sentencing concerned a possible Rule 35(b) motion based on continued assistance. This is consistent with the transcript of the sentencing hearing, which reflects that Cleveland argued for a lower sentence than the 120 months proposed by the respondent, based on the petitioner's ability to provide further assistance and on the uncertainty that the respondent would file a Rule 35(b) motion after such assistance was provided. The Court's response was to note the respondent's written indication that it would file a Rule 35(b) motion under such circumstances and to state that any such motion would be favorably considered. (Doc. 86 at 6-10, 14).

Based on these considerations, the Court finds that the petitioner did not request counsel to file a notice of appeal. Accordingly, the petitioner is entitled to no relief on this ground.

Even if no request to appeal is made, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that

a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.  The Eleventh Circuit has acknowledged that an expression insufficient to constitute a request or direction to appeal may nevertheless show that the petitioner reasonably demonstrated to counsel an interest in appealing. *Gomez-Diaz*, 433 F.3d at 792.  In such a situation, the failure to consult constitutes deficient performance, and the petitioner is prejudiced if he shows a reasonable probability that he would have timely appealed but for counsel's failure to consult. *Flores-Ortega*, 528 U.S. at 484.

The petitioner's affidavit identifies no expression of interest in appealing other than the one assertion that he told Cleveland he wanted to appeal, and the Court has already found that he made no such statement.  Accordingly, the Court also finds that the petitioner did not express an interest in appealing so as to trigger a duty of consultation.

"In answering the question of whether a rational defendant would want to appeal his sentence, it is relevant to ask whether there are any potential non-frivolous grounds for appeal, whether there was a guilty plea, and whether the plea expressly waived the right to appeal." *Otero v. United States*, 499 F.3d 1267, 1271 (11th Cir. 2007).  Also relevant is "whether the defendant received the sentence he bargained for." *Id*. at 1270 (internal quotes omitted).  Each of these factors weighs against the petitioner.

Entering a guilty plea is a "highly relevant" consideration, "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480.  The petitioner entered a guilty plea.

An appeal waiver sharply limits the possible grounds of appeal, and an appeal based on grounds within the appeal waiver is frivolous and not one that a rational defendant would take. *Otero*, 499 F.3d at 1271.  Here, the petitioner's appeal waiver permits him to challenge on appeal only: (1) a punishment in excess of the statutory

maximum; (2) a punishment constituting an upward departure from the guideline range; and (3) ineffective assistance of counsel. (Doc. 38 at 10). The petitioner was not sentenced above the statutory maximum or based on an upward departure. Accordingly, the petitioner's third and fourth grounds are captured by the waiver, are therefore frivolous, and are thus not grounds that a rational defendant would pursue.[1]

As discussed below and in the Court's previous order, (Doc. 88), all of the petitioner's grounds of appeal are frivolous on the merits regardless of the appeal waiver, and are therefore grounds that no rational defendant would pursue.

The petitioner does not suggest that he received a higher sentence than he bargained for. The plea agreement did not specify a sentence to be imposed but affirmatively reserved that decision to the Court. (Doc. 38 at 3-4). The plea agreement did not even obligate the respondent to move for a reduction in sentence based on cooperation, (*id*. at 4-9), but the respondent requested, and the Court awarded, a 50% reduction from the statutory minimum sentence.(Docs. 71, 73). The petitioner's handwritten letter following sentencing does not complain that he received a higher sentence than he bargained for but merely requests the Court to consider a further sentence reduction to the 100-month level received by his co-defendant. (Doc. 75). The Court finds that the petitioner did not receive a higher sentence than he bargained for.

Based on the foregoing, the Court finds that Cleveland had no constitutional duty to consult with the petitioner concerning an appeal, because he did not reasonably demonstrate an interest in appealing and because she had no reason to think that a rational defendant would want to appeal.

---

[1]The respondent tries to stretch this argument to encompass the petitioner's claim of ineffective assistance in failing to argue *Booker*. (Doc. 87 at 14-15). In the case on which they rely, however, the appeal waiver did not expressly exempt from the waiver claims of ineffective assistance. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). The respondent's conclusory invocation of *Williams*, without any effort to grapple with this discontinuity, is inadequate. *See United States v. Westry*, 2007 WL 3287371 at *6 (S.D. Ala. 2007) (rejecting identical argument).

Because the petitioner did not request counsel to file a notice of appeal, and because counsel had no constitutional duty to consult with the petitioner concerning an appeal, the petitioner is not entitled to relief on his first ground.

## II.  *Booker* **Violation.**

The petitioner complains that his sentence violates *United States v. Booker*, 543 U.S. 220 (2005), in that the Court increased his sentence in reliance on facts (other than his guilty plea and prior convictions) that were not admitted by the petitioner or found by a jury.  (Doc. 79 at 12).  However, the only facts relied on in sentencing to raise the sentence beyond that supported by the guilty plea were the petitioner's prior convictions and facts (including drug quantity) that were admitted by the petitioner in the factual resume made part of his plea agreement.  (Doc. 38 at 12-17; Doc. 49 at 7-14; Doc. 86 at 3).  There was patently no *Booker* violation, and any appeal on this basis would be frivolous.

## III.  **Section 851 Violations.**

The petitioner argues that the respondent failed to file an information prior to his guilty plea identifying his former felony drug convictions, as required by 21 U.S.C. § 851(a) in order to trigger the enhanced penalties of 21 U.S.C. § 841(b) based on such convictions.  The respondent in fact filed such an information in June 2005, prior to the petitioner's guilty plea, identifying two prior felony drug convictions for the express purpose of enhancing the petitioner's sentence.  (Doc. 31).  Section 851(a) was obviously satisfied, and any appeal on this ground would be frivolous.

The petitioner argues that the Court failed to inquire of him if he affirmed or denied the prior convictions and failed to advise him that he could not challenge them after imposition of the federal sentence, as required by Section 851(b).  The information identified the petitioner's conviction in Case No. 96-0496, Circuit Court of Baldwin

County, for possession of cocaine, (Doc. 31), and that conviction occurred in September 1996. (Doc. 49 at 10). A "district court [i]s not required to adhere to the rituals of § 851(b)" when the conviction at issue is more than five years old. *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (internal quotes omitted). Because this conviction was more than five years old, there could be no violation of Section 851(b), and any appeal on this ground would be frivolous.[2]

## IV.  Ineffective Assistance.

As noted, there patently was no *Booker* violation, and "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994). Any appeal on this ground would be frivolous.

## V.  Evidentiary Hearing.

"Unless the motion [under Section 2255] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, an evidentiary hearing is not required in every case. For example, no evidentiary hearing is required:

- Where the petitioner's claim is "patently frivolous," *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989);
- Where the claim is "based upon unsupported generalizations," *id.*;

---

[2] The date of conviction for the second prior felony drug offense identified in the information was less than five years before sentencing. Because only one prior offense is needed to trigger the enhanced penalties of Section 841(b), and because all procedural requirements were met with respect to the 1996 conviction, the second conviction is irrelevant to the petitioner's challenges.

- Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002);
- Where the facts alleged are not "reasonably specific [and] non-conclusory," *id*. at 714-15;
- "[W]here the petitioner's allegations are affirmatively contradicted by the record," *id.* at 715;
- Where the petitioner's version of the facts has already been accepted as true, *Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003); and
- Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983).

As noted, the petitioner abandoned an evidentiary hearing as to his first claim. As is evident from the Court's discussion above, each of the petitioner's other claims is subject to multiple of the exceptions listed above. Accordingly, the petitioner is not entitled to an evidentiary hearing.

## CONCLUSION

For the reasons set forth above, the petitioner's motion to vacate is **denied**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 22nd day of January, 2008.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE