# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION 05-0152-WS |
| | ) | |
| TERRANCE DORTCH, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's petition for writ of mandamus, through which he seeks an order compelling the government to file a motion to reduce sentence under Federal Rule of Criminal Procedure 35(b). (Doc. 132). This is the defendant's third motion to obtain a Rule 35(b) reduction, (Docs. 99, 121), and it is no less meritless than its predecessors. (Docs. 104, 127).

As the Court has already advised the defendant, Rule 35(b) allows a post-sentencing reduction in sentence, based on the defendant's substantial assistance, "[u]pon the government's motion." The government has filed no such motion. "[T]he government has a power, not a duty, to file a motion when a defendant has substantially assisted,"[1] and the plea agreement expressly reserves to the government the sole discretion to determine whether the defendant has provided substantial assistance so as to warrant the filing of such a motion. (Doc. 38 at 7).

The defendant continues to argue that, in his estimation, he has rendered substantial assistance. The problem is that the law, and the plea agreement, reserve to the government alone the determination whether the defendant has provided substantial assistance and whether to file a Rule 35(b) motion. The defendant's disagreement with

---

[1] *United States v. Morales*, 239 Fed. Appx. 533, 535 (11th Cir. 2007) (internal quotes omitted); *accord United States v. Clark*, 199 Fed. Appx. 874, 875 (11th Cir. 2006); *United States v. Turner*, 183 Fed. Appx. 877, 878 (11th Cir. 2006).

that state of affairs gets him nowhere, no matter how often he expresses it.

The instant motion does add one new twist: the allegation that the government refuses to file a Rule 35(b) motion because the defendant made certain statements in his motion to vacate that the government deems false and damaging to his credibility. (Doc. 132 at 2 (citing Doc. 123, Exhibit 1)). This, he says, reflects an improper motive. (*Id.* at 2, 3).

The problem is that "the Supreme Court limited the free exercise of that power [to file a motion based on substantial assistance] only to the extent that the government cannot exercise that power, or fail to exercise that power, for an unconstitutional motive." *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000). Absent a "substantial showing that the government refused to [file a Rule 35(b) motion] based on an unconstitutional motive," a trial court "lack[s] the authority to compel the government to file" such a motion. *United States v. Dunlap*, 329 Fed. Appx. 869, 872 (11th Cir. 2009); *accord United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009). Doubts about the veracity of a defendant's previous assistance, or even hurt feelings over his comments about the prosecutor, are not unconstitutional motives. *E.g., United States v. Perez-Morales*, 322 Fed. Appx. 713, 715 (11th Cir. 2009).

For the reasons set forth above, the defendant's petition for writ of mandamus is **denied**.

DONE and ORDERED this 14th day of May, 2010.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE